FILED 59
Honorable Norman L. Merrell State Senator Room 221, Capitol Building Jefferson City, Missouri 65101
Dear Senator Merrell:
This letter is in response to your question in which you ask:
 "Under Section 610.025, paragraph 2 of the Missouri Open Meetings Law, or Sunshine Law, is it permissable for a public governmental body to hold a closed meeting when someone has threatened to file suit against that public governmental body, but has yet to do so? Or must the litigation actually have been filed and on record in a court of law before a public governmental body can discuss it in closed session? In other words, do the terms `legal actions, causes of action, or litigation,' as referred to in Section 610.025, paragraph 2, pertain only to such actions that have been filed, or could they pertain to the threat of such action?"
You have further stated that your question concerns meetings of a city council. The Section to which you refer is Subsection 2 of Section 610.025, RSMo which provides as follows:
 "Any meeting, record or vote pertaining to legal actions, causes of action, or litigation involving a public governmental body, leasing, purchase or sale of real estate where public knowledge of the transaction might adversely affect the legal consideration therefor may be a closed meeting, closed record, or closed vote."
There is no doubt that the open meetings law applies to meetings of a city council because a city council is a public governmental body as defined under Section 610.010, RSMo. Further it is clear that the courts in construing a statute must give effect to the legislative intent as expressed in the statute. To this end the court is guided by certain well-established and recognized rules, among which are the following: (a) The objects sought to be obtained and the evil sought to be remedied by the legislature; (b) the legislative purpose should be assumed to be a reasonable one; (c) laws are presumed to have been passed with a view to the welfare of the community; (d) it was intended to pass an effective law, not an ineffective or insufficient one; (e) it was intended to make some change in the existing law.Cohen v. Poelker, 520 S.W.2d 50 (Mo Banc 1975).
The clear intent of the General Assembly in enacting the "Sunshine Law" was that all meetings of members of public governmental bodies except those meetings described in Section 610.025, at which the peoples' business is considered must be open to the people and not be conducted in secrecy. Id. p. 52.
The question therefore, as you have indicated, is whether the provisions of Subsection 2 quoted above relating to legal actions, causes of action or litigation involving such a body may be a closed meeting, closed record or closed vote.
In considering the language used by the legislature and giving effect to the applicable rules promulgated with respect to such interpretations by the court in Cohen v. Poelker, we note that a "cause of action" is by historical legal definition somewhat different than litigation which has already commenced. That is, a cause of action is generally defined as a right of action at law which arises from the existence of a primary right in the plaintiff and an invasion of that right by some delict on the part of the defendant, and that the facts which establish the existence of that right and that delict constitute the cause of action. Ballantine's Law Dictionary 1948 Edition, p. 197.
We conclude therefore, in order to give full effect to the legislative intent and the exception, that the legislature intended to provide that a city council may properly hold a closed meeting with respect to causes of action when the city is a potential plaintiff or defendant or otherwise involved and regardless of whether or not a legal action or litigation had already commenced.
In reaching this conclusion we take into consideration not only the particular language that is used in the exception, as we have noted, but also the fact that it is safe to assume that the legislature recognized and intended to preserve the confidentiality of council meetings relative to proposed or probable litigation without which the city and its citizens would be placed in decidedly disadvantageous positions by its adversaries.
Very truly yours,
 JOHN C. DANFORTH Attorney General